PER CURIAM.
The original sentence in this case was a sentence of community control and incarceration when the recommended guideline range was community control or incarceration. We reversed on the basis of State v. Davis, 630 So.2d 1059 (Fla.1994), and remanded for re-sentencing.
At resentencing, although the guideline sentence in this ease permitted a maximum of three and one-half years incarceration, the court sentenced Brown to four years in prison without providing written reasons.
The State seeks to justify the sentence because it alleges that Brown violated his previously imposed community control. We are doubtful, however, that one can violate an invalidly imposed sentence of community control. In any event, there is nothing in the record (such as a revised scoresheet) that indicates such intention on the part of the court.
REVERSED and REMANDED for re-sentencing within the guideline range.
PETERSON, C.J., and W. SHARP and HARRIS, JJ., concur.